**GREAT COASTAL EXPRESS, INCORPORATED, and Price Transfer Company, Inc., Plaintiffs,**

v.

**The UNITED STATES of America and the Interstate Commerce Commission, Defendants.**

**Civ. A. No. 4205.**

United States District Court
E. D. Virginia,
at Richmond.

Argued June 11, 1965.

Decided June 22, 1965.

John C. Goddin, Richmond, Va., and John C. Bradley and Robert G. Knechtel, Rice, Carpenter & Carraway, Washington, D. C., for plaintiffs.

William H. Orrick, Jr., Asst. Atty. Gen., and John H. D. Wigger, Attorney, Department of Justice, Washington, D. C., and C. Vernon Spratley, Jr., U. S. Atty., and Tommy P. Baer, Asst. U. S. Atty., Richmond, Va., for defendant United States of America.

Robert W. Ginnane, General Counsel and Clarence William Vandegrift, attorney, Washington, D. C., for defendant Interstate Commerce Commission.

Russell Alton Wright, Richmond, Va., and J. G. Dail, Jr., and Turney, Major, Markham & Sherfy, Washington, D. C., for intervenor-defendant, Adley Corp.

James W. Lawson and Macdonald & McInerny, Washington, D. C., and Russell Alton Wright and Williams, Mullen & Christian, Richmond, Va., for intervenor-defendant, Turner's Express, Inc.

Before BRYAN, Circuit Judge, and LEWIS and BUTZNER, District Judges.

PER CURIAM:

█ Authorization for the Great Coastal Express, Inc., to purchase the certificate of convenience and necessity of Price Transfer Company, Inc., was denied by the Interstate Commerce Commission[1]. §§ 5(2)(a)(i), 5(2)(b), 5(2)(c), 5(4) and (5), 5(13), Interstate Commerce Act, part 1, 49 U.S.C. §§ 5(2)(a)(i), 5(2)(b), 5(2)(c), 5(4) and (5), and 5(13). The two motor carriers sue to vacate the order and obtain other appropriate relief. 28 U.S.C. §§ 2321–2325. The suit cannot succeed because the court is not persuaded that the Commission's findings and conclusions are erroneous either in fact or in law.

Each corporation is duly certificated as an interstate common carrier of freight by motor vehicle over irregular routes. Coastal's operations are permitted between New York City and vicinity on the north, and, on the south, points in several counties of Virginia, including James City County which is the most southeastern of its permissible Virginia territory. Thus it cannot enter the adjoining City of Newport News or the precincts of Norfolk. Price's operations embrace the Hampton Roads area, including Newport News and Norfolk but do not run into James City County or other territory of Coastal. However, by reason of a tolerance of five miles allowed by the Commission beyond a city's boundaries, the two carriers may meet in James City County within this margin of Newport News.

█ Disapproval of the acquisition was not put upon the buyer's unfitness, financial or otherwise. Nor was it placed upon the breaches by the contracting parties of the laws and regulations which were found by the Commission in their establishment, in April 1962, of a connecting line arrangement between them. This arrangement became legitimate only on November 13, 1963, upon the temporary grant by the Commission of authority to Coastal, under § 210a(b) of the Act, 49 U.S.C. § 310a(b), to lease Price's operating rights pending disposition of the present controversy. Decision went exclusively upon the finding of the Commission's examiner, which it adopted, that to allow the application would establish a new and different service, that no need for this extra facility was shown and that its creation would not be "consistent with the public interest". The quoted phrase expresses the criterion by which § 5(2) of the Act requires the Commission to appraise such a transaction. Altogether factual, this holding is clearly stated and is not to be up-ended by the court unless either manifestly without foundation in the evidence or unsound in law. Gilbertville Trucking

1. No. MC–F 8338 Great Coastal Express, Incorporated—Purchase—Price Transfer Company Inc., December 14, 1964.

Co. v. United States, 371 U.S. 115, 126, 83 S.Ct. 217, 9 L.Ed.2d 177 (1963); McLean Trucking Co. v. United States, 321 U.S. 67, 87, 64 S.Ct. 370, 88 L.Ed. 544 (1944). In neither aspect do we find it vulnerable.

The predominant contention of the plaintiff carriers is, in effect, that since Price's operations were not dormant previous to the purchase agreement, as the examiner has demonstrated, the combining of their operating rights would mean only the substitution of one service for two, the sole difference being the elimination of the interchange. That there are other consequences was established here by the protesting intervenors. The examiner so found, and in part spoke to these results as follows:

> "The record does not show any participation by Price, previous to establishment of the connecting-line arrangement with Great Coastal, in traffic moving between the Norfolk area and Great Coastal's authorized points of service. Likewise, the record does not show that Great Coastal participated to any substantial extent, previous to establishment of the connecting-line arrangement with Price, in traffic moving between Great Coastal's authorized points of service and the Norfolk area. Stated differently, neither Price nor Great Coastal had been a competitive factor in traffic moving between their respective territories. Thus, the Great Coastal-Price interline movement of traffic which began in April 1962, as described herein, was a new competitive service which had not theretofore been faced by existing common carriers providing either single-line or connecting-line service to the Norfolk area from the points which Great Coastal is also authorized to serve."

Nothing irrational or unreasonable, to repeat, appears in this conclusion.

The complaint and action must be dismissed.

Dismissed.